<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN A. SESTA, III and JANICE M. SESTA, | : : : | |
| Plaintiffs, | : : : | |
| v. | : : : | Civil Action No. 12-2774 (MAS) (DEA) |
| BANK OF AMERICA, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : : | |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon Defendant Office of the Comptroller of the Currency's ("OCC" or "Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 2-1 ("Defs.' Moving Br.")), filed on May 9, 2012. On May 31, 2012, Plaintiffs Robert and Janice Sesta ("Plaintiffs") filed Opposition to the Motion. (ECF No. 3 ("Pl's.' Opp'n. Br.").)

The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For good cause shown, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**

Plaintiffs filed their initial Complaint in the Superior Court of New Jersey, Ocean County, on February 23, 2012. (ECF No. 1 ("Not. of Removal") ¶ 2.) On March 26, 2012, Defendants Bank of America and Brian Moynihan filed a motion to dismiss for failure to state a

claim upon which relief could be granted. (*Id.* at ¶ 4.) The Superior Court granted the motion on

April 27, 2012. (*Id.*) On May 9, 2012, OCC removed the case to this Court and filed the present

motion to dismiss. (Def.'s Moving Br.) Defendant alleges that Plaintiffs fail to state a claim

upon which relief can be granted and fail to state the grounds for the Court's jurisdiction. (*Id.* at

2, 8.)

## II.   DISCUSSION

A complaint must plead facts plausibly suggesting a claim for relief to meet the Rule

8(a)(2) standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To demonstrate facial

plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009) (citing *Twombly*, 550 U.S. at 556). In determining the sufficiency of a *pro se*

complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See*

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Moreover, "a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson*, 551 U.S. at 94. However, even a *pro se* pleading is required to "set forth

sufficient information to outline the elements of [a] claim or to permit inferences to be drawn

that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

In considering a complaint, the Court must "accept as true all of the allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.

1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal

conclusions." *Id.* Rather, the court must disregard any conclusory allegations proffered in the

complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court is also

free to ignore factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Once a court has identified the well-pleaded facts and ignored the conclusory allegations, it must next determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The Court's jurisdiction is an essential element of the complaint. Fed. R. Civ. P. 8(a)(1). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). In order to bring a suit sounding in tort against the United States government, or any agency or employee thereof, a plaintiff must first have presented an administrative claim to the appropriate agency and have been denied. 28 U.S.C. § 2675 (2012) ("FTCA").

Here, Plaintiffs' Complaint fails to allege the basis of the Court's jurisdiction over OCC. Plaintiffs' Complaint provides (verbatim):

> Co-Defendant, Office of the Comptroller of the Currency, representing themselves (OCC/CAG) "Customer Assistance Group" as a US Government Agency as affirmed by a WEB Site description attached hereto as EXHIBIT "D", did enter into this matter some time in June/July 2006, as [sic] the request of the Plaintiff, under the guise of being a Government "overseer" in matters of customer concern, against alleged actions of National Banks. Late in 2011 the Plaintiff learned that the OCC/CAG is not funded by the Congress of the United States, and so, therefore is not an Agency of the US Gov. funded by US National Banks. The Plaintiff can not justify an "overseer" paid by the very entities to be "overseen", under the "Fox watching the Henhouse" theory. Plaintiff now charges Co-Defendant OCC/CAG as being a cause of perpetuating this matter for almost five years with volumes of correspondence, without extending an effort to resolve.

(ECF 1, Ex. 1 ("Compl.") ¶ 9.) In support of their assertion that the OCC is not a government agency, Plaintiffs submitted a copy of the OCC's online Mission Statement. (*Id.* at Ex. F.)

Defendants' motion to dismiss raised substantial issues regarding the Plaintiffs' failure to properly allege the basis of the Court's jurisdiction. Moreover, Plaintiffs' opposition brief to Defendant's motion to dismiss fails to explain the basis of the Court's jurisdiction over OCC. Plaintiffs' opposition brief provides (verbatim):

> Further: Defendant OCC on page 5 of "Memorandum of Law" Defendant states: ". . . complaint must be enough to raise a right to relief above the speculative level". Plaintiffs hold the OCC as a Defendant in failing to disclose "the content of EXHIBIT "B" for 18 months! D. Chandler OCC/CAG alleges to resolve the matter in a letter to Plaintiff dated August 15, 2011 attached as "EXHIBIT "F" supplement deeming the matter "Factual"

(ECF No. 3 ("Pl's Opp'n Br.") 1.)

Plaintiffs' Complaint and opposition brief appear to allege negligence on the behalf of OCC. However, Plaintiffs fail to allege that they presented an administrative claim to the agency prior to filing suit. Moreover, Plaintiffs fail to allege waiver by the United States Government of its sovereign immunity. While Plaintiffs argue that the OCC is not a government agency due to the OCC's funding structure, the Court finds Plaintiffs' arguments unpersuasive. Plaintiffs' own exhibit attached to their Complaint demonstrates that OCC falls under the Department of the Treasury. (Compl. Ex. F.)

Based on the foregoing, the Court finds good cause to grant OCC's motion to dismiss. The Court will grant OCC's motion without prejudice to Plaintiffs' ability to file an amended complaint which alleges the specific grounds for the Court's jurisdiction. An order will be entered consistent with this Opinion.

## III.    CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is granted without prejudice to Plaintiff's ability to file an amended complaint. An order will be entered consistent with this Opinion.[1]


_____s/ Michael A. Shipp_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**


Dated: January 31, 2013

---

[1] The Court notes that there are three motions filed by Plaintiffs currently pending in this case: (1) "Motion to Order the Recall of BAC President Moynihan as Defendant" (ECF No. 20); (2) "Motion for Discovery" (ECF No. 21); and (3) "Motion to Order Defendants to Make Settlement" (ECF No. 24). Plaintiffs' most recent motion is returnable February 4, 2013. The Court will address all three motions in a separate opinion after the most recent motion's return date.