**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN A. SESTA, III and JANICE M.
SESTA,

        Plaintiffs,

v.

BANK OF AMERICA, *et al.*,

        Defendants.

Civil Action No. 12-2774 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs' "Motion to Order the Recall of BAC Pres. Moynihan as Defendant" (Pls.' Br., ECF No. 20), and Motion for Discovery (ECF No. 21). The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For good cause shown, Plaintiffs' Motion to Order Recall is denied and Plaintiffs' Motion for Discovery is denied as moot.

**I. BACKGROUND**

Plaintiffs filed their initial Complaint in the Superior Court of New Jersey, Ocean County, on February 23, 2012. (ECF No. 1 ("Not. of Removal") ¶ 2.) On March 26, 2012, Defendants Bank of America and Brian Moynihan filed a motion to dismiss the claims against them for failure to state a claim upon which relief could be granted. (Not. Removal ¶ 4.) The Superior Court granted the motion on April 27, 2012. (*Id.*) Subsequently, on May 9, 2012, the

Office of the Comptroller of the Currency ("OCC") removed the case against it to this Court.[1] Following removal, Plaintiffs filed the motions at issue.

## II. **DISCUSSION**

### A. Plaintiffs' "Motion to Order the Recall of BAC President Moynihan as Defendant"

Plaintiffs' "Motion to Order the Recall of BAC President Moynihan as Defendant" is, in effect, a Motion to Amend. Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments so as to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

However, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Id.*; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). With regard to whether a motion to amend a complaint should be denied on futility grounds, a court must consider whether "the complaint, as amended, would not survive a motion to dismiss for failure to state a claim." *Keller v. Schering-Plough, Corp.*, No. 04-669 (PGS), 2007 U.S. Dist. LEXIS 75318, at *7 (D.N.J. Oct. 9. 2007) (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed

---

[1] After removing the case, OCC filed a motion to dismiss. The Court granted the motion without prejudice to Plaintiffs' ability to file an amended complaint. Plaintiffs failed to file an amended complaint.

2

new claim . . . ; this does require, however, that the newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Indeed, pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Alt. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, in conducting its futility analysis, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the Court is not required to credit a *pro se* litigant's 'bald assertions' or 'legal conclusions.'" *Pressley v. East Dist. Precinct*, No. 09-5264 (DMC), 2012 WL 70833, at *2 (D.N.J. 2012) (quoting *Cade v. Newman*, 422 F. Supp. 2d 463, 465 (D.N.J. 2006)). A pleading, even a *pro se* pleading, is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

The Court does not find good cause to grant Plaintiffs' Motion to Recall/Motion to Amend in this case. Here, Plaintiffs failed to file a proposed amended complaint pursuant to

3

Local Civil Rule 7.1.[2] In addition, Plaintiffs' motion papers do not set forth information sufficient to outline the elements of a claim or permit the Court to infer that elements of a claim exist. In fact, Plaintiffs' motion papers consist of several "Whereas" clauses. According to one of Plaintiffs' "Whereas" clauses, "Judge Millard, did allow Plaintiff Sesta an option to bring back BOA as Defendant back to Court by making the Order to Summarily Dismiss without prejudice to Sesta's effort to bring back BOA to Court." (Pls.' Br. 2.) Many of Plaintiffs' assertions in the other "Whereas" clauses were largely unintelligible. For example, "Exhibit B alleges Foreclosure v. Plaintiff, delayed to allow a Loan Workout, by way of Negotiation, where Plaintiff will show by Discovery that Exhibit B was made willfully, and with intent as false, and causing damages to Plaintiff, Sesta." (*Id.*) (internal quotations omitted.) Plaintiffs also allege that GreenPoint Mortgage Co. originated and then assigned a mortgage that was later transferred to CountryWide then to BAC. (*Id.*) Plaintiffs assert that BAC provided false statements in response to correspondence from the Office of the Comptroller of the Currency regarding the status of an alleged foreclosure, reporting that a "Loan re-negotiation" was in progress. (*Id.*) Plaintiffs request the Court to:

> Order the recall of Defendant to bring Bank of America, Office of the Pres. & CEO, to this U.S. District Court, in order to facilitate 'Discovery' where the focus of Plaintiff(s) Complaint is EXHIBIT 'B' so as to allow the Plaintiff(s) to bring the Court to understand the statements made in EXHIBIT 'B', by BOA, Office of the Pres. & CEO were made willfully as false. The Motive for Defendant BOA, with the OCC abetting BOA may be realized as a course of gaining access to TARP funds, under the guise of relief, and possibly 'Investor Incentive Compensation' as proscribed in the 'Making Home Affordable' (MHA) program as disclosed in the 'Handbook for Servicers of non-GSE Mortgages' available 'on-Line' www.hmpadmin.com, to anyone.

(*Id.*)

---

[2] Local Civil Rule 7.1(f) provides that "[u]pon filing of a motion for leave to file an amended complaint . . . the moving party shall attach to the motion a copy of the proposed pleading . . . . If leave to file is granted, the moving party shall file the original forthwith."

4

Here, even in light of the Third Circuit's guidance and holding *pro se* Plaintiffs to less stringent standards than that of lawyers, the Court cannot grant Plaintiffs' motion to amend. Plaintiffs seek to amend in order to compel discovery. However, Plaintiffs must first provide sufficient information to outline the elements of a claim or to permit inferences to be drawn that elements of a claim exist. Plaintiffs' submissions fail to do so. At best, Plaintiffs appear to make an argument that Bank of America did not provide accurate information to the Office of Comptroller of the Currency in relationship to potential HAMP refinancing. However, HAMP does not provide an independent cause of action. *See Stolba v. Wells Fargo & Co.*, 10-6014 (WJM), 2011 WL 3444078, at *3 (D.N.J. Aug. 8, 2011). Accordingly, to the extent that Plaintiffs' claims arise under HAMP, they are futile and must be dismissed.[3] To the extent that Plaintiffs' claims arise under other legal theories, the Court is not able to discern them from Plaintiffs' motion papers. As such, Plaintiffs' motion to amend is denied.

B.  Plaintiffs' "Motion for Discovery"

Since the Court has denied Plaintiffs' Motion to Recall (Motion to Amend), Plaintiffs' Motion for Discovery is denied as moot.

---

[3] In addition, some of Plaintiffs' allegations sound against OCC. However, on January 31, 2013, the Court granted OCC's motion to dismiss without prejudice to Plaintiffs' ability to file an amended complaint by February 28, 2013, that provided the grounds for the Court's jurisdiction over OCC. Plaintiffs failed to file an amended complaint by February 28, 2013. As such, OCC is no longer a Defendant in the case.

5

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiffs' Motion to Recall is denied and Motion for Discovery is denied as moot. An order will be entered consistent with this Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2013